## S11Z1336. INQUIRY CONCERNING JUDGE ANTHONY PETERS.

(715 SE2d 56)

PER CURIAM.

After receiving complaints about the alleged misconduct of Catoosa County Magistrate Court Judge Anthony Peters from, among others, Chief Magistrate Judge Sonny Caldwell, the Judicial Qualifications Commission (JQC) initiated an investigation. Following the investigation, and after Judge Peters appeared before the JQC on October 28, 2010 to discuss the allegations against him, the JQC filed formal charges in this Court to have Judge Peters permanently removed from his position as a judge and barred from ever holding or seeking elected or appointed judicial office in the State of Georgia.[1] Having reviewed the record of the JQC's inquiry, and for the reasons that follow, we agree with the recommendation of the JQC, and order that Judge Peters be immediately and permanently removed from the bench and be barred from ever holding or seeking elected or appointed judicial office in Georgia.

The record reveals that a hearing was held before the JQC on the charges against Judge Peters on April 14-15, 2011, and that the JQC found, among other things, that Judge Peters had (1) violated Canon 2[2] of the Code of Judicial Conduct by obtaining and consuming

---

[1] We note that Judge Peters has not filed any response in this Court to the charges filed by the JQC.

[2] "Canon 2. Judges shall avoid impropriety and the appearance of impropriety in all their activities." Canon 2 (A) specifically provides that "Judges shall respect and comply with the

marijuana at least once a week from March to May of 2010;[3] (2) inappropriately used his judicial office to advance the personal interests of a family member (in violation of Canon 2[4] of the Code of Judicial Conduct) by showing up at the house of his sister-in-law's estranged husband, identifying himself as a Magistrate Judge, and then kicking in two interior doors at the man's home to gain access to two bedrooms;[5] (3) violated Canon 2 of the Code of Judicial Conduct when, in the spring of 2009 in the Catoosa County Courthouse, he pointed a firearm at himself and indicated to another Magistrate Judge that he was not afraid to die by saying, "I am not scared. Are you all scared?";[6] (4) violated Canon 2 of the Code of Judicial Conduct by appearing on a local cable television show called "Night Talk" on June 21, 2010, and (a) making derogatory remarks about the Chief Magistrate Judge and calling him "spineless," (b) publicly disclosing that he had filed a complaint with the JQC against the Chief Magistrate Judge, and (c) displaying a photograph of an individual and identifying that individual by name as a confidential informant of the Catoosa County Sheriff's office;[7] (5) violated Canon 2 of the Code of Judicial Conduct by making a phone call to a local cable television talk show on June 22, 2010, and, after initially trying to disguise his voice with multiple foreign accents while speaking with the Catoosa County Sheriff (who was being interviewed on the show), told the Sheriff that he had "crapped himself" and that the Sheriff was a "spineless jelly spine";[8] (6) violated Canon 3 (B) (1)[9] of the Code of Judicial Conduct, and OCGA § 15-10-21,[10] by refusing to work certain hours that had been

---

law and shall act at all times in a manner that promotes public confidence in the integrity and impartiality of the judiciary."

[3] Judge Peters admitted to this conduct in his verified answer and at the hearing.

[4] Canon 2 (B) provides in relevant part that "Judges shall not lend the prestige of judicial office to advance the private interests of the judge or others."

[5] The record further reveals that, at some point after kicking in the two doors, Judge Peters informed police that he had found some unidentified pills at the residence. When police arrived at the scene and refused to arrest the residents, Judge Peters became irate and started cursing at the police.

[6] The JQC credited the testimony of Magistrate Judge Wells, who witnessed the incident and provided specific details, over the testimony of Judge Peters, who claimed that this incident never happened. The JQC found Judge Peters' testimony not to be credible, in part, because of several areas in his testimony where he claimed to have little recollection of things that he had done (due to an alleged lack of sleep) despite some of the things that he had done being shown to him on videotape.

[7] A videotape of the "Night Talk" broadcast was shown at the JQC hearing.

[8] Judge Peters admitted to these allegations in his verified answer and in his testimony at the JQC hearing.

[9] This Canon provides that "[j]udges shall hear and decide matters assigned to them, except those in which they are disqualified."

[10] The statute states that "[t]he chief magistrate shall assign cases among the several magistrates of the county and shall decide any disputes between the magistrates of the

specifically assigned to him by the Chief Magistrate Judge;[11] and (7) based on all of the proven allegations, Judge Peters' conduct violates Canon 1 of the Code of Judicial Conduct, which requires judges to "establish[ ], maintain[ ], and enforc[e] high standards of conduct . . . so that the integrity and independence of the judiciary may be preserved."

"Any judge may be removed, suspended, or otherwise disciplined for willful misconduct in office, . . . or for conduct prejudicial to the administration of justice which brings the judicial office into disrepute." Ga. Const. of 1983, Art. VI, Sec. VII, Par. VII (a). In reaching a determination as to whether or not a judge should be removed from office,

> [i]t is this Court's function "to review the findings of the [JQC], and to exercise its judgment based upon the entire record" . . . . [Cit.] In performing this independent function, we give substantial consideration and due deference to the JQC's ability to evaluate the credibility of the witnesses who appear before it. However, this Court reaches its own conclusions regarding disciplinary sanctions against a sitting judge. . . . In reaching our determination, this Court employs the "clear and convincing proof" standard to decide whether allegations against a judge are established by the evidence of record.

(Citations omitted.) *Inquiry Concerning a Judge*, 275 Ga. 404, 406 (566 SE2d 310) (2002).

The evidence of record here clearly establishes the violations of Canons 1, 2, and 3 of the Code of Judicial Conduct as alleged by the JQC. Judge Peters readily admitted to much of the misconduct at the JQC hearing, but simply believed that he had been disciplined "enough" by having been placed on *paid* administrative leave since June 16, 2010.[12] Notwithstanding Judge Peters' personal belief that he has already received appropriate discipline, the record reveals that Judge Peters has not sought treatment for his admitted drug problems and has done nothing to show that he has any ability to live

county."

[11] The record further reveals that Judge Peters refused to leave the Chief Magistrate Judge's office after refusing to work the assigned hours, and that Judge Peters was then arrested by the Catoosa County Sheriff's Department and escorted from the courthouse. Thereafter, Judge Peters was placed on paid "administrative leave" and has not returned to work as a Magistrate Judge since June 16, 2010.

[12] Judge Peters has failed to explain exactly how being paid his full salary while staying at home somehow constitutes appropriate discipline, as, again, he has made no filings in this Court.

up to the high standard of conduct expected of members of the judiciary in Georgia. Indeed, after using illegal drugs, forcibly kicking in doors at a man's home at the request of a relative, pulling out a gun in front of at least one of his colleagues, and being suspended from his job for refusing to work hours properly assigned to him, Judge Peters consistently refused to take responsibility for his actions. Instead, he spent his time while on administrative leave publicly disparaging the Chief Magistrate Judge and the Sheriff of Catoosa County and endangering the life of a confidential informant by exposing his identity. Such willful misconduct is clearly "prejudicial to the administration of justice [and] brings the judicial office into disrepute." Ga. Const. of 1983, Art. VI, Sec. VII, Par. VII (a). See also *Inquiry Concerning a Judge*, supra, 275 Ga. at 413 (6) (judge permanently removed from bench where, among other things, he "disregarded the law as applied to his own conduct [and took actions that] eroded public trust and confidence in the judiciary"). The public deserves much more from its judicial officers, and those judicial officers who cannot give the public what it deserves — confidence in the integrity and impartiality of the judiciary — do not deserve to continue to hold judicial office.

Accordingly, it is hereby ordered that Judge Anthony Peters, Magistrate Judge of the Magistrate Court of Catoosa County, be permanently removed from office instanter and be barred from ever holding or seeking elected or appointed judicial office in the State of Georgia.

*Permanently removed from office. All the Justices concur.*

DECIDED SEPTEMBER 6, 2011.

*Jeffrey R. Davis*, for appellant.
*Townley & Lindsay, Christopher A. Townley*, for appellee.